IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Corey L. Singleton | ) | C/A No. 9:08-1892-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. For the reasons set forth below, the court adopts the Report, which was filed on June 2, 2009, and affirms the decision of the Commissioner.

## I. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary

as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. DISCUSSION

The Magistrate Judge recommends that the court affirm the Commissioner's decision. On June 18, 2009, Plaintiff filed an objection to this recommendation on two grounds: (1) Plaintiff objects to the ALJ's finding that he has the residual functional capacity to perform a significant range of light work, and (2) Plaintiff objects to the ALJ's finding that his depression does not constitute a severe impairment. On June 26, 2009, the Commissioner filed a response to Plaintiff's

objections.  **Residual Functional Capacity.**  The ALJ found that "claimant has the residual functional capacity to perform a significant range of light work activity" with the ability to "stand, walk, and sit for 6 hours in an 8-hour day with an at will sit/stand option."  Tr. 21.  Plaintiff argues that a finding of an ability to stand, walk, and sit for 6 hours in a 8-hour day is "entirely inconsistent" with an at will sit/stand option.  Without explaining the inconsistency, the court assumes that Plaintiff is articulating the same argument presented to the Magistrate Judge and addressed in the Report.  During the administrative hearing, the Vocational Expert ("VE") was properly provided with Plaintiff's limitations, including the ability to stand, walk, and sit for 6 hours and the option to sit or stand at will.  With all of that information and based on his own experiences and observations, the VE concluded that Plaintiff could perform a significant range of light work.  The VE identified several jobs that Plaintiff could perform with these limitations.  As the Fourth Circuit has explained, although "a sit/stand option negatively impacts the number of unskilled jobs available. . . , there are jobs that allow sit/stand options." *Walls v. Barnhart*, 296 F.3d 287, 291 (4th Cir. 2002) (citing Social Security Ruling (SSR) 83-12).  The court concludes that the ALJ's finding that Plaintiff has the residual functional capacity to perform a significant range of light work is supported by substantial evidence.

   **Depression.**  The ALJ found that claimant's depression does not constitute a severe impairment because it only minimally affects claimant's ability to perform work-related activity.  The Report specifically addresses Plaintiff's argument and accurately concludes that the ALJ's finding is supported by substantial evidence.  The evidence supports the finding that Plaintiff's depression is well-controlled by medication, Plaintiff was discharged from treatment for depression in October 2004 due to improvement, and Plaintiff has not sought further treatment for depression

since October 2004. Although the results of the December 2006 consultative examination indicate that Plaintiff was suffering from "Major Depressive Disorder, Chronic," the ALJ assigned the conclusions of the consultative examiner minimal weight for a variety of reasons, including that those conclusions were based primarily on Plaintiff's subjective complaints. Substantial evidence supports the ALJ's determination that Plaintiff's depression is not a severe impairment.

Even were the court to agree that Plaintiff's depression should have been found "severe" at step two, any error would be harmless because if Plaintiff makes a threshold showing of *any* "severe" impairment, the ALJ continues with the sequential evaluation process and considers all impairments, *both severe and nonsevere*. *See* 20 C.F.R. § 404.1523. In this case, the ALJ acknowledged the requirement to consider "impairments that are not severe" at the later steps of the evaluation and properly accounted for any mental limitations Plaintiff had by limiting him to the minimal demands of unskilled work requiring only "simple 1 to 2 step tasks." *See* Report at 16-17.

Each of Plaintiff's specific objections is adequately and properly addressed in the Report. This court, therefore, concurs with both the reasoning and the result reached by the Magistrate Judge.

### III. CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

      s/ Cameron McGowan Currie
      CAMERON MCGOWAN CURRIE
      UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 2, 2009